## G. F. Higgins Company v. Hermes

[redacted]

*R. A. & James Balph*, for plaintiff; *Harry Shapera*, for defendant.

McKim, J., March 18, 1932.—This is an action in assumpsit to recover for certain labor and materials furnished to defendant by plaintiff. The matter was submitted to a jury and a verdict was returned in favor of the plaintiff in the sum of $183.23. Defendant then filed his motion for judgment n. o. v.

At the trial the defendant offered in evidence the ninth paragraph of his affidavit of defense. This offer was allowed by the trial judge over the objection of plaintiff's counsel. The paragraph admitted in evidence reads as follows:

"9. Defendant further avers that he is not indebted to the said plaintiff for the further reason that plaintiff had entered suit before Alderman C. B. Quailey, at No. 216 Oakland Avenue, Pittsburgh, Pa., and by reason of the illness of said C. B. Quailey, John A. Collins, an alderman and justice of the peace in and for the City of Pittsburgh, proceeded with the hearing and judgment was publicly given by him in favor of defendant on June 4, 1930, from which judgment no appeal was taken, and that the matter is now res adjudicata."

The only question raised by the defendant in support of his motion for judgment n. o. v. was whether or not the action brought before Alderman C. B. Quailey, and tried before John A. Collins, an alderman of the City of Pittsburgh, was such an adjudication of the issue as to bar recovery by plaintiff in the instant action.

An alderman in the conduct of his business under his aldermanic commission can only exercise such powers as are expressly conferred upon him by statute. In the case cited by the defendant in the ninth paragraph of the affidavit of defense (which the defendant pleads as a bar to plaintiff's action in this case) the summons was issued out of the office of Alderman C. B. Quailey. Before the hearing Alderman Quailey became sick, and John A. Collins, an alderman of the City of Pittsburgh, was called in to hear the case. Alderman Collins then heard the case between the parties and entered judgment for the defendant. No appeal was taken by the plaintiff from the judgment as rendered by Alderman Collins.

The contention of the defendant that the judgment rendered by Alderman John A. Collins is res adjudicata and a bar to plaintiff's right to recover cannot prevail. We find no statutory authority which permits the substitution of one alderman to try a cause of action originating out of the office of another alderman. Without this statutory authority the judgment rendered by Alderman Collins in the action instituted before Alderman Quailey was void because of lack of jurisdiction.

The fact that plaintiff went into a hearing before Alderman Collins would not estop him from raising the question of jurisdiction at this time.

The motion for judgment n. o. v. should therefore be refused.

From William J. Aiken, Pittsburgh, Pa.